# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR248-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| DANNY JOE BROOKS | ) | |

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis L. Howell.[1] Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to suppress to the Magistrate Judge for a recommendation as to disposition.

A district court conducts a *de novo* review of those portions of a Memorandum and Recommendation to which specific objections are filed.

---

[1] On February 21, 2006, the Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to Count Two of the indictment; however, he preserved for appeal the Court's ruling on his motion to suppress. **See, Plea Agreement, filed February 21, 2006, at 5.** Defendant formally entered his plea during a Rule 11 hearing held February 27, 2006.

**28 U.S.C. § 363(b).** Where no objection is made, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72. Advisory Committee Note).**

Here, Defendant filed only general objections to the Memorandum and Recommendation. Defendant does not cite to specific parts of the recorded hearing nor does he offer any citations to case law supporting his positions regarding the evidence presented. In fact, all of his objections appear to challenge the Magistrate Judge's findings as to the credibility of the witnesses and sufficiency of the evidence presented. However, the Magistrate Judge presided over the hearing and had the advantage of seeing, hearing and judging the credibility of each witness firsthand.

The Magistrate Judge sits as a trial court making findings of fact. A trial court's findings may only be reviewed "with great deference especially when the trier of fact has based his decision in part on credibility of witnesses. . . . 'Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.'" ***McNairn v. Sullivan*, 929**

F.2d 974, 977 n.3 (4th Cir. 1991) (quoting Fed. R. Civ. P. 52(a)); *Park v. Shiflett*, 250 F.3d 843, 855 (4th Cir. 2001). While the undersigned has a duty to make a "*de novo* determination" as to the findings of the Magistrate Judge to which specific objections are filed, a "decision to rehear testimony is within the sole discretion of the district judge, even as to those findings based on the magistrate's judgment as to credibility[.]" *Proctor v. State Gov't of North Carolina*, 830 F.2d 514, 518 n.2 (4th Cir. 1987) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)); 28 U.S.C. § 636(b).

In this case, the evidence supports the Magistrate Judge's findings and the Court is satisfied that the same are not clearly erroneous. General, conclusory, or boilerplate objections without any citations to case law, do not warrant a *de novo* review. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997).

However, out of an abundance of caution, the undersigned reviewed the recorded proceedings before the Magistrate Judge and concludes that the evidence presented fully supports his factual findings and legal conclusions. Therefore, having conducted a careful review of the Defendant's general objections, the Court adopts the Magistrate Judge's

Memorandum and Recommendation that Defendant's motion to suppress be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to suppress is hereby **DENIED**.

Signed: March 15, 2006

Lacy H. Thornburg
United States District Judge