IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV190-T-02
(1:05CR248-01-T)

| | |
|---|---|
| DANNY JOE BROOKS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed April 30, 2008.

On October 4, 2005, Petitioner and a co-Defendant were charged with possession of 100 grams or more of Pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(c) (Count One), and Petitioner and three co-Defendants were charged with conspiring to attempt to manufacture and manufacturing with intent to distribute at least 50 grams of methamphetamine, all in violation of 21 U.S.C. §§ 841 and 846 (Count Two). **Bill of Indictment, filed October 4,**

**2005**.  In addition to the indictment, the Government filed an Information pursuant to 21 U.S.C. § 851 alleging the Petitioner had committed the instant offenses after previously having been convicted of two felony drug offenses in the Superior Court of Haywood County, North Carolina. **Information Pursuant To Title 21 U.S.C. § 851, filed December 21, 2005**.  Such Notice, therefore, made Petitioner subject to an enhanced sentence in the event he was convicted of either of the charges set forth in the indictment.

On February 17, 2006, Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the conspiracy charge in Count Two.  **Plea Agreement, filed February 21, 2003**.  In return, the Government allowed Petitioner to stipulate to having been involved with at least 500 grams but less than 1.5 kilograms of methamphetamine.  *Id.* **at 2**.  Petitioner's agreement also contained a waiver by which he forfeited his right to contest his conviction or sentence in any proceeding, except on the grounds that he was subjected to ineffective assistance of counsel, prosecutorial misconduct and/or on the ground that the Court's denial of his suppression motion was erroneous.  *Id.* **at 5**.

On February 27, 2006, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea. The Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 27, 2006**. The Magistrate Judge specifically asked Petitioner if he had discussed his right to appeal and if he understood that by signing the plea agreement and entering the guilty plea that he would be greatly limiting his right to directly appeal his conviction or sentence or to collaterally challenge those matters in a post-conviction proceeding. *Id*. at **8.** Petitioner stated, under oath, that he understood those limitations. *Id*. The Magistrate Judge also asked Petitioner if he understood and agreed with the terms of his plea agreement *Id.* at **7**. Again, under oath, Petitioner answered in the affirmative. *Id*. Based on these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made and that he understood the charges, penalties, and consequences of the plea. *Id.* at **9**. Accordingly, the Magistrate Judge accepted Petitioner's plea. *Id.*

Prior to sentencing, the Government filed a motion for a downward departure based on Petitioner's substantial assistance and requested the Court depart downward from offense level 36 to level 34.  **Government's Motion for a Downward Departure, filed April 20, 2007**.  If granted, such departure would have resulted in reducing Petitioner's applicable sentencing range from 292 to 365 months to a range of 235 to 293 months imprisonment.  *Id*.  On May 2, 2007, the Court held a sentencing hearing during which the Government agreed with Petitioner's objection to a recommended two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines § 3C1.1.  The Court sustained the objection.  The Court also granted the Government's modified motion for a one-level downward departure and departed down to offense level 33.  After the adjustments, Petitioner was exposed to a sentencing range of 210 to 262 months imprisonment.  Thereafter, the Court sentenced Petitioner to a term of 220 months imprisonment.  **Judgment in a Criminal Case, filed May 11, 2007**.  Petitioner did not file a notice of appeal.

On April 24, 2008, Petitioner filed his § 2255 motion raising two claims, one of which is that his attorney was ineffective for having failed to

file an appeal as he had instructed counsel to do.  **Petitioner's Motion at 4.**

The law is well settled that an attorney's failure to file an appeal when requested by his client to do so is *per se* ineffective assistance of counsel, irrespective of the merits of the appeal.  **United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993);** *see also* **Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (same);  United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).**

The Fourth Circuit agreed with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial[.]"  **Poindexter, supra, at 267.**  That Court also held that counsel's conduct would be prejudicial under these circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal.  *Id.* **at 273.**  In cases such as this one, a petitioner may be "obtain[ing] little more than an opportunity to lose at a

later date," but that is a statutory right which simply cannot be taken away. *Id*; *see also Rodriguez v. United States,* **395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).**

Here, Petitioner has alleged that his right to a direct appeal and, therefore, the effective assistance of counsel, was violated by counsel's failure to file a direct appeal as he had requested. More particularly, Petitioner alleges that immediately after he was sentenced, he instructed his attorney to file an appeal; that counsel stated that he would file the appeal and would soon come to the jail to discuss the appellate process with Petitioner; and that counsel neither visited him to discuss his appeal nor filed an appeal as counsel promised to do. **Petitioner's Motion, at 4**. Thus, even if the Government were to file a response containing an affidavit wherein Petitioner's former attorney denies this allegation, the relevant legal precedent makes it necessary for this Court to grant Petitioner's motion to vacate only as to that limited issue, thereby allowing him to proceed with a direct appeal. The prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, enter an amended judgment which re-imposes the same sentence, and file a notice of appeal on Petitioner's behalf. Petitioner's remaining claim -- that is, his request that the Court hold his motion to vacate in abeyance until such time as he can complete his challenge to one of the prior North Carolina convictions which was identified in the Government's § 851 Information -- will be dismissed without prejudice. ***See United States v. Killian,*** **2001 WL 1635590 (4th Cir. 2001) (noting that where district court grants motion to vacate under *Peak*, the court must defer ruling on petitioner's remaining claims)**.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is **ALLOWED IN PART** as reflected by the Judgment filed herewith.

Signed: May 15, 2008

Lacy H. Thornburg
United States District Judge